UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LORI KEENAN | ) | Case Number |
| Plaintiff | ) | |
| vs. | ) | CIVIL COMPLAINT |
| OMNI CREDIT SERVICES OF FLORIDA | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Lori Kennan, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Lori Kennan, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in the District and the Defendant transacts business in this District and maintains a registered office in this District.

### III. PARTIES

4. Plaintiff, Lori Keenan, is an adult natural person residing at 30 Wilson Avenue, Morganville, NJ 07751. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Omni Credit Services of Florida ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt with a registered office at 820 Bear Tavern Road, Trenton, New Jersey and its principal place of business located at 4710 Eisenhower Blvd., Ste B3, Tampa, Florida 33634.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about April 27, 2010, Plaintiff started to receive calls from Defendant's agent, "Stacy Hill", collecting on a debt allegedly owed on a Fashion Bug account for approximately $1,102.00.

8. Plaintiff informed the Defendant's, agent, "Stacy Hill", that she had retained the services of the law firm of Persels & Associates, LLC to help aid her in her debt settlement and that they should speak with them directly in this matter.

9. During that same call, Defendant's agent, "Stacy Hill", informed the Plaintiff that the Defendant would not work with Persels.

10. On or about that same day, April 27, 2010, Persels sent a "cease and desist" letter to the Defendant informing them in writing that they were representing the Plaintiff and that they would need to stop all further direct contact with the Plaintiff.  **See Exhibit "A" (letter) attached hereto.**

11. Plaintiff continued to receive collection calls from the Defendant.

12. On or about June 2, 2010, Plaintiff received another call from Defendant's agent, "Stacy Hill", who stated that Plaintiff needed to pay the balance of the debt due which was now up to $1,400.00.

13. Defendant's agent, "Stacy Hill", did not explain the reason for the increase in the amount of the debt.

14. Plaintiff again asked the Defendant to call and speak with Persels on this matter.

15. Defendant's agent, "Stacy Hill", told the Plaintiff that they had tried to make settlement arrangements with Persels but that Persels refused and also never returns any of their phone calls.

16. Defendant's agent, "Stacy Hill", tried to persuade the Plaintiff to work with the Defendant directly even though she was with Persels and that they would offer her a settlement amount of $731.00 if she did.

17. On that same day, June 2, 2010, Plaintiff fearful of what could happen if she did not make a payment agreed to a payment of $64.12 to come out that day.

18. On or about that same day, Defendant deducted the automatic payment of $64.12 from Plaintiff's checking account. **See Exhibit "B" (bank statement) attached hereto**.

19. Plaintiff did not give authorization for any further payments to be taken out of her checking account.

20. Plaintiff did not receive validation of this settlement agreement in writing.

21. On or about June 30, 2010, Defendant's agent, "Stacy Hill", called the Plaintiff back and demanded more money on the above mentioned account.

22. Defendant still refused to work with Persels.

23. On or about July 1, 2010, Defendant automatically deducted an additional payment of $50.00 from the Plaintiff's checking account without authorization. **See Exhibit "C" (bank statement) attached hereto.**

24. On or about July 10, 2010, at 9:30 am, Defendant's agent, "Mark Jacobs", called looking for payment.

25. On or about July 19, 2010, at 3:07 pm, Defendant's agent, "Stacy Hill", called again, still looking for additional payments on the above account, still refusing to work with Persels.

26. On or about July 20, 2010, at 2:06 pm, Persels sent a second (2nd) "cease and desist" letter to the Defendant. **See Exhibit "D" (letter) attached hereto.**

27. As of the filing of this complaint, Plaintiff is still receiving calls from Defendant and their agent attempting to collect on this account.

28. Plaintiff has still never received anything in writing validating the debt.

29. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

30. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

31. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

32. At all times pertinent hereto, the conduct of Defendant was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

33. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

34. The above paragraphs are hereby incorporated herein by reference.

35. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

36. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with debt collection |
| §§ 1692e(2) | Character, amount, or legal status of the alleged debt |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |

| | | |
|---|---|---|
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1) | | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law |
| §§ 1692g | | Failure to send the 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Omni Credit Services, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                  **Respectfully submitted,**

                                                  **WARREN & VULLINGS, LLP**

**Date: August 30, 2010**                **BY:** _/s/ Bruce K. Warren_
                                                         Bruce K. Warren, Esquire

                                                       _/s/ Brent F. Vullings_
                                                       Brent F. Vullings, Esquire

                                                       Warren & Vullings, LLP
                                                       1603 Rhawn Street
                                                       Philadelphia, PA  19111
                                                      215-745-9800   Fax 215-745-7880
                                                      Attorneys' for Plaintiff